# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TYRON RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01436-MTS |
| | ) | |
| KEVIN M. DAHMM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. *Pro se* Plaintiff Tyron Richmond has submitted an incomplete Application to Proceed in District Court without Prepayment of Fees and Costs. Doc. [2]. Additionally, Plaintiff has not submitted a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his complaint, which is required of him when seeking *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2). As a result of Plaintiff's failure, the Court will deny the Application without prejudice and will require Plaintiff, within forty-five days, to prepay the $405 filing fee or file a proper Application, including a certified copy of his inmate account statement for the six-month period immediately preceding the filing of this action.

Furthermore, in his Application, Plaintiff admits that he possesses $1,500 in his prison account. Doc. [2] at 2. If Plaintiff files a new Application pursuant to the instructions contained in this order and that amount is correct, he will need to include an explanation as to why he is unable to pay the $405 filing fee given the assets that are

available to him.  *See* 28 U.S.C. § 1915(a)(1) (permitting federal courts to authorize a lawsuit without prepayment of fees "by a person who submits an affidavit that . . . the person *is unable to pay such fees* or give security therefore") (emphasis added); *see also Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining federal law "require[s] all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

Lastly, it appears that Plaintiff failed to sign his form complaint.  Doc. [1].  Under Federal Rule of Civil Procedure 11, every written pleading or motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention." Similarly, the Local Rules of this Court also require that all filings be signed by the party or the party's attorney.  E.D. Mo. L.R. 2.01(A)(1).

As a result, the Court will order the Clerk to return the complaint to Plaintiff so that Plaintiff may sign the complaint and return it to the Court for filing.  If Plaintiff fails to comply with this Order, Plaintiff's action will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall return the complaint, Doc. [1] to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall sign the complaint and return it to the Court no later than **Friday, December 13, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that, no later than **Friday, December 13, 2024**, Plaintiff shall prepay the entire $405 filing fee or submit a properly supported Application to Proceed in District Court without Prepaying Fees or Costs, as well as a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of this action.

Failure to comply with this Order will result in the dismissal of this action without prejudice.

Dated this 29th day of October 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE