UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRON RICHMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01436-MTS |
| ) | |
| KEVIN DAHMM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Plaintiff Tyron Richmond's motions for leave to proceed *in forma pauperis* and to compel the Missouri Department of Corrections to release a certified copy of his prison account statement. Docs. [5, 6]. Plaintiff states that the Department has failed to release his account statement, or in the alternative, a "green check" to pay the entirety of the $405 filing fee in this matter. He seeks an order from this Court requiring the Department to release his funds to pay the filing fee.

Plaintiff, an inmate at Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 24, 2024. Doc. [1]. Although he moved to proceed *in forma pauperis* with the filing of his complaint, he failed to file a certified copy of his account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). Additionally, in his initial motion to proceed *in forma pauperis,* plaintiff admitted that he possessed $1,500 in his prison account. Doc. [2] at 2. Thus, on October 29, 2024, the Court denied Plaintiff's motion to proceed *in forma pauperis*, without

prejudice. The Court ordered Plaintiff to either prepay the $405 filing fee or file a properly supported motion to proceed *in forma pauperis*, including a certified copy of his account statement for the six-month period immediately preceding the filing of this action. Doc. [3]. Plaintiff was given forty-five (45) days to comply with the Court's Order. *Id.* Thus, his $405 filing fee, or properly supported motion to proceed *in forma pauperis,* was due to this Court no later than December 13, 2024.

On November 15, 2024, Plaintiff filed a new motion for leave to proceed *in forma pauperis*, once again stating that he has $1,500 in his prison account. Doc. [5]. He asserts in his motion to compel, however, that he has been unable to obtain a certified copy of his prison account statement or have a check issued for the filing fee in this matter. Doc. [6]. Plaintiff does not provide an explanation as to why he was allegedly denied the account statement or the withdrawal of funds from his prison account.

Given the record before it, the Court will deny Plaintiff's motions for leave to proceed *in forma pauperis* and to compel, without prejudice. It does not appear that Plaintiff has exhausted all avenues for relief with the Department as he attempts to either: (1) gather funds to pay the $405 filing fee in this matter or (2) obtain a copy of his certified account statement and submit it as part of a properly supported motion to proceed *in forma pauperis*.[*] The Court will give Plaintiff until December 20, 2024, to do one or the other. Failure to comply with this Order will result in dismissal of this action without prejudice.

---

[*] The Court reminds Plaintiff that, even if his motion to proceed *in forma pauperis* is granted, federal law "require[s] all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam).

Accordingly,

**IT IS HEREBY ORDERED** that, Plaintiff's motions for leave to proceed *in forma pauperis* and to compel, Docs. [5, 6] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that no later than Friday, December 20, 2024, Plaintiff shall prepay the entire $405 filing fee or submit a properly supported motion to proceed *in forma pauperis*, as well as a certified copy of his account statement for the six-month period immediately preceding the filing of this action.

Dated this 19th day of November, 2024.

_____
MATTHEW T. SCHELP
UNITED DISTRICT JUDGE