## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TYRON RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01436-MTS |
| | ) | |
| RACHEL E. BEDORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is self-represented Plaintiff Tyron Richmond's prisoner civil rights complaint, filed pursuant to 42 U.S.C. § 1983 against Eastern Reception Diagnostic Correctional Center (ERDCC) Correctional Officers Rachel Bedore, Dustin Durham, Kevin Dahmm and Unknown Sergeant. The Court has reviewed the amended complaint as required by 28 U.S.C. § 1915A. Doc. [4]. The Court will deny, as moot, Plaintiff's motion for leave to proceed in forma pauperis and to compel. Docs. [11], [13]. Plaintiff's motion for appointment of counsel will also be denied. Doc. [12]. In addition, Plaintiff will have forty-five (45) days to effectuate service on Defendant Bedore and Defendant Dahmm with a summons and a copy of the amended complaint in accordance with the provisions Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(c), (e). Failure to do so will result in dismissal of this action without prejudice as to any unserved Defendant. Fed. R. Civ. P. 4(m).

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915A(a), this Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." This Court is required to dismiss the complaint or any portion thereof if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To plead a facially plausible claim to relief, a plaintiff must plead facts that allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that show the "mere possibility of misconduct" are insufficient. *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

District courts must liberally construe pro se pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In other words, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required

to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff Tyron Richmond, an inmate at ERDCC, filed the instant amended complaint pursuant to 42 U.S.C. § 1983 against Correctional Officers Rachel Bedore, Dustin Durham, Kevin Dahmm and Unknown Sergeant in their individual and official capacities. Docs. [1], [4]. Plaintiff alleges that he was subjected to excessive force in violation of the Eighth Amendment at ERDCC on October 28, 2023, at approximately 6:45 a.m. He states that Defendant Bedore saw he was holding onto his foodport and "used the sliding foodport as a weapon." Doc. [4] at 5. He claims that Bedore slammed the foodport shut on his arm twice, "slicing through the meat of [his] arm." *Id.* She allegedly then slammed his hand in the lid of the security box on his door. *Id.* During this incident, Defendant Dahmm grabbed his hand, which was presumably outside the foodport, and bent his fingers backwards. *Id.* Plaintiff claims that Dahmm did so to "break [his] fingers." *Id.* Plaintiff purports that his hand was "cut to the bone," but he did not receive medical treatment for his injury until approximately eleven hours later. *See id* at 6.

Plaintiff seeks compensatory damages in this action, as well as injunctive relief. *Id.* For injunctive relief he requests that he be separated from the defendants, be given a JPAY tablet with "all available apps," have the Missouri Department of Corrections remove security boxes from offenders' doors who are not on special security orders and have subsequent conduct disorders removed from his record. *Id.*

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the Court will issue process on Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendants Rachel Bedore and Kevin Dahmm in their individual capacities. Plaintiff's claims against defendants Dustin Durham and Unknown Sergeant, however, are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), as are his claims against each Defendant in their official capacities.

### A. Lack of Personal Involvement

"Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff has listed Defendants Dustin Durham and Unknown Sergeant in his amended complaint, but he has failed to make allegations that these defendants engaged in conduct that deprived him of a federally protected right. Therefore, the amended complaint fails to state a valid § 1983 claim against them. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of

4

pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted against Defendants Dustin Durham and Unknown Sergeant.

### B. Official Capacity Claims

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); and *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official . . . capacities sues only the public employer"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 744 (8th Cir. 1998).

Here, Plaintiff alleges that defendants are employees at ERDCC in Bonne Terre, Missouri. The ERDCC is part of the Missouri Department of Corrections, which is a state agency of the State of Missouri. As noted above, Plaintiff's official capacity claims against

5

defendants are really claims against their employer.  Accordingly, Plaintiff's official capacity claims are against the State of Missouri.  Such claims are barred because a state is not a "person" for purposes of § 1983, and because the Eleventh Amendment bars suits against state officials acting in their official capacity.  They are therefore subject to dismissal.

### C. Individual Capacity Claims

#### a. Excessive Force

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs,* 436 U.S. 658, 685 (1978).   One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment which limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981).  The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986).

"[Correctional] Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (internal quotation marks omitted).  "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, *i.e.,* they are using it maliciously and sadistically." *Irving v. Dormire*, 519 F.3d 441,

446 (8th Cir. 2008) (citing *Hudson*, 503 U.S. at 9). The test for reasonableness or the good-faith application of force depends on the following:

> whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Hudson*, 503 U.S. at 7). *See also Hickey v. Reeder,* 12 F.3d 754, 759 (8th Cir. 1993) ("There is no question that prison officials may compel compliance with legitimate prison regulations.); *Stenzel v. Ellis,* 916 F.2d 423, 426 (8th Cir. 1990) (holding that inmate's refusal to comply with a legitimate jail security regulation constitutes a disturbance that poses a security risk to the safety of inmates and prison staff).

Plaintiff alleges that Defendants Bedore and Dahmm acted against him on October 28, 2023, not in a good-faith effort to restore discipline, but to cause him harm. Taking plaintiff's allegations as true, as this Court is required to do, the Court finds that he has alleged enough to pass initial review as to these excessive force claims against Defendants Bedore and Dahmm in their individual capacities. *See, e.g.*, *Reger v. Wilhite*, 1:18-cv-00098-ACL, 2018 WL 3742682, at *4–5 (E.D. Mo. Aug. 7, 2018) (finding similar allegations sufficient to survive initial review).

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel. Doc. 12. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or

constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis, Doc. [11], is **DENIED** as moot. Plaintiff paid the $405 filing fee on December 18, 2024.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel the MDOC to produce a certified account statement, Doc. [13], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all Defendants in their official capacities, as well as Plaintiff's claims against Defendants Dustin Durham and Unknown Sergeant in their individual capacities, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). A separate Order of Partial Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff must effectuate service on Defendant Rachel Bedore and Defendant Kevin Dahmm, in accordance with Federal Rule of Civil Procedure 4, no later than **<u>Wednesday, July 02, 2025</u>**.  Failure to do so will result in dismissal of this action without prejudice as to any unserved Defendant.  *See* Fed. R. Civ. P. 4(c), (e), (m).

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [12], is **DENIED** at this time.

Dated this 19th day of May 2025.

_____
MATTHEW T. SCHELP
UNITED DISTRICT JUDGE